IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01076-BNB

ERIC ADAMS,

    Plaintiff,

v.

UNITED STATES,

    Defendant.

---

ORDER DIRECTING PLAINTIFF TO
FILE AMENDED PRISONER COMPLAINT

---

    At issue is Plaintiff's Response to the Court's Order to Show Cause entered April 26, 2012. Plaintiff is subject to 28 U.S.C. § 1915(g) filing restrictions. The Court instructed Plaintiff to show cause why he should not be denied leave to proceed pursuant to § 1915 because his FTCA claim does not indicate he is under imminent danger of serious physical injury. Plaintiff filed a Response on May 14, 2012.

    In the Response, Plaintiff asserts that his FTCA claim clearly shows ongoing acts of misconduct that has caused physical injury. The Court explained to Plaintiff in the April 26 Order to Show Cause, the events involved in the FTCA claim took place prior to January 11, 2012, and do not meet the requirement of imminent danger of serious physical injury.

    The events, however, that took place on April 6, 2012, and according to Plaintiff continue to take place, although not part of the FTCA claim, do assert possible

imminent danger of serious physical injury. Nonetheless, Plaintiff has failed to name as defendants the individuals responsible for the alleged actions.

Plaintiff will be directed to amend his Complaint and name as defendants the individuals responsible for placing him in imminent danger of serious physical injury. Plaintiff further must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Plaintiff must name and show how named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

To state a claim in federal court, Plaintiff must explain in the Amended Complaint what each defendant did to him, when the defendant did the action, how the defendant's action harmed him, and what specific legal right he believes the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Plaintiff also is required to provide "specific facts of **ongoing** serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (emphasis added). Accordingly, it is

ORDERED that **within thirty days from the date of this Order** Plaintiff file an

Amended Prisoner Complaint that is in keeping with the instant Order.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov for use in filing an Amended Prisoner Complaint.  It is

FURTHER ORDERED that if Plaintiff fails to file an Amended Prisoner Complaint within the time allowed Plaintiff's request to proceed pursuant to 28 U.S.C. § 1915 will be subject to denial.

DATED May 16, 2012, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland  
United States Magistrate Judge