IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01076-BNB

ERIC ADAMS,

    Plaintiff,

v.

UNITED STATES,

    Defendant.

---

ORDER TO FILE SECOND AMENDED COMPLAINT

---

    Plaintiff, Eric Adams, is in the custody of the United States Bureau of Prisons and currently is incarcerated at ADX in Florence, Colorado.  Plaintiff, acting *pro se*, initiated this action by filing a Prisoner Complaint pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2674 et seq.

    On April 26, 2012, the Court reviewed the Complaint, determined that Plaintiff is subject to filing restrictions under 28 U.S.C. § 1915(g), and instructed him to respond and show cause why he should not be denied leave to proceed pursuant to § 1915 because (1) he has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action in a court of the United States that was dismissed on the grounds that it failed to state a claim; and (2) his FTCA claim does not indicate he is under imminent danger of serious physical injury.

    Plaintiff filed a Response on May 14, 2012, and argued the FTCA claim clearly shows ongoing acts of misconduct.  He also identified events that took place on April 6, 2012, and allegedly continue to take place.  In the Court's May 16, 2012 Order, the

Court explained that the FTCA claim was based on events that took place in January 2012 and could not meet the requirement of imminent danger of serious physical injury. The Court also stated that even though the events that took place on April 6, 2012, were possible claims of imminent danger of serious physical injury, Plaintiff failed to state with specificity who personally participated in the alleged acts. Plaintiff was instructed to file an Amended Complaint, which he did on June 6, 2012.

The Court must construe the Amended Complaint liberally because Mr. Adams is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110.

Generally, the filing of an amended complaint supersedes the original complaint "and renders it of no legal effect." *See Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991) (internal quotation marks omitted); *see also Miller v. Glanz*, 948 F.2d 1562,1565 (10th Cir. 1991); 6 C. Wright, A. Miller & M. Kane, *Fed. Practice and Procedure* § 1476 (1990). In the Amended Complaint, Plaintiff lists only the United States in the caption of the Complaint form. He also fails to list all named defendants in Section "A. Parties" of the form and to state the proper jurisdiction in Section B. for the basis of his claims. Plaintiff also asserts throughout the Amended Complaint that he has shown personal participation by the United States and his claims are properly asserted against the United States pursuant to the FTCA.

Plaintiff will be given one more opportunity to amend the Complaint and comply with the Court's directives. First, Plaintiff must complete the Prisoner Complaint form by providing all requested information. Second, Plaintiff must identify in the caption the

individuals he seeks to name as defendants and list all named defendants in Section A. Parties. Finally, the Court will not address the Complaint as filed pursuant to the FTCA. Jurisdiction for this action is based on 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Accordingly, it is

ORDERED that Plaintiff file **within thirty days from the date of this Order** a Second Amended Complaint consistent with this Order and the Order of May 16, 2012. It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of her case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that if Plaintiff fails within the time allowed to file a Second Amended Complaint that complies with this Order, the action will be dismissed without further notice.

DATED June 15, 2012, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge