IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01076-PAB-CBS

ERIC ADAMS,
    Plaintiff,
v.

OFFICER FOCHEE, and
OFFICER A. ESPINO[Z]A,
    Defendants.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Shaffer

    This civil action comes before the court on: (1) Plaintiff's Motion for Summary Judgment and (2) Defendant Espinoza's Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 for Lack of Exhaustion of Administrative Remedies.  Pursuant to the Order Referring Case dated September 13, 2012 (Doc. # 15) and the memoranda dated November 5, 2012 (Doc. # 24) and January 30, 2013 (Doc. # 48), these matters were referred to the Magistrate Judge.  The court has reviewed the Motions, Defendant Espinoza's Response (filed January 14, 2013) (Doc. # 42), Mr. Adams's first Response (filed February 8, 2013 (Doc. # 50)), Mr. Adams's second Response (filed February 8, 2013 (Doc. # 51)), Defendant Espinoza's Reply (filed February 20, 2013) (Doc. # 52), Mr. Adams's Surreply (filed March 4, 2013 (Doc. # 53)) the exhibits, the entire case file, and the applicable law and is sufficiently advised in the premises.

I.    Statement of the Case

    Mr. Adams is serving a life sentence plus a 65-year consecutive sentence in the custody of the United States Bureau of Prisons at the Administrative Maximum ("ADX") facility in Florence, Colorado.  (*See* Declaration of Theresa Montoya (Doc. # 35-3) at 2 of 42, ¶ 3;

1

Attachment 1 (Doc. # 35-3 at 8-11 of 42)). Mr. Adams initiated this civil action in his *pro se* capacity on April 23, 2012, asserting claims under the Federal Tort Claims Act that involved incidents that occurred before January 2012. (*See* "Prisoner Complaint" (Doc. # 1)). Mr. Adams is subject to filing restrictions pursuant to Title 28 U.S.C. § 1915(g). *See Adams v. Davis*, No. 11-cv-00529-BNB, 2011 WL 1930647 (D. Colo. May 19, 2011). On April 26, 2012, the court directed Mr. Adams to show cause

> why he should not be denied leave to proceed pursuant to 28 U.S.C. § 1915 because: (1) he has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action in a court of the United States that was dismissed on the grounds that it failed to state a claim; and (2) his FTCA claim does not indicate he is under imminent danger of serious physical injury.

(*See* "Order Directing Plaintiff to Show Cause" (Doc. # 4)). Mr. Adams responded on May 14, 2012. (*See* Doc. # 5). On May 16, 2012 the court directed Mr. Adams to file an Amended Prisoner Complaint. (*See* Order (Doc. # 6)). After reviewing Mr. Adams's Amended Prisoner Complaint, on June 15, 2012 the court ordered Mr. Adams to file a Second Amended Complaint. (*See* Order (Doc. # 8)).

On July 26, 2012, Mr. Adams filed his Second Amended Prisoner Complaint ("SAC"), raising claims pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) against seven Defendants in their individual capacities. (*See* Doc. # 11 at 1, 11, 39 of 39). On August 7, 2012, the court granted leave in part for Mr. Adams to proceed *in forma pauperis* pursuant to Title 28 U.S.C. § 1915. (*See* Order (Doc. # 12)). The court found that only the claims alleged against Defendants Fochee and Espinoza met the exception to Mr. Adams's filing restrictions under § 1915(g). (*See id.*). The court dismissed all of the other Defendants from the case. (*See* Order (Doc. # 13)).

Mr. Adams alleges that Defendants Fochee and Espinoza are tampering with his food and as a result he continues to suffer physical ailments, including: (1) a bladder infection, (2) an ear infection, (3) lung problems, (4) high blood pressure, (5) irritated, red throat, (6) stomach

pain, and (7) pain in the left arm. (*See* Doc. # 11 at 4, 9-10, 14, 16-19, 21-of 39). Mr. Adams also alleges that Defendants Fochee and Espinoza will not process his requests to see medical staff about his conditions. (*See id.* at 17-18 of 39). He seeks compensatory and punitive damages. (*See id.* at 38-39 of 39). Defendant Espinoza filed his Answer on December 31, 2012. (*See* Doc. # 33). Defendant Espinoza moves pursuant to Fed. R. Civ. P. 56 for summary judgment on all claims in the SAC for the reason that Mr. Adams did not exhaust his administrative remedies.

II.     Standard of Review

> Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. A dispute is "genuine" if the issue could be resolved in favor of either party. A fact is "material" if it might reasonably affect the outcome of the case.
> A movant who does not have the burden of proof at trial must show the absence of a genuine fact issue. By contrast, a movant who bears the burden of proof must submit evidence to establish every essential element of its claim or affirmative defense. In either case, once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper. All the evidence must be viewed in the light most favorable to the party opposing the motion. However, conclusory statements and testimony based merely on conjecture or subjective belief are not competent summary judgment evidence.

*Wausau Business Ins. Co. v. U.S. Motels Management, Inc.*, 341 F. Supp. 2d 1180, 1182-83 (D. Colo. 2004) (citations omitted).

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). "The *Haines* rule applies to all proceedings involving a pro se litigant, including . . . summary judgment proceedings." *Id.*, at n. 3 (citations omitted). However, the court cannot be a pro se litigant's advocate. *Yang v. Archuleta*, 525 F. 3d 925, 927 n. 1 (10th Cir. 2008). As the SAC has been sworn to under penalty of perjury (*see* Doc. # 11 at 38 of 39), the court may treat it as an affidavit. *Green v.*

*Branson*, 108 F.3d 1296, 1301 n. 1 (10th Cir. 1997). Where the court treats a verified complaint as an affidavit, whether a party's affidavit in opposition to summary judgment is "sufficient to create a genuine issue of material fact must be evaluated in light of the principle that conclusory allegations without specific supporting facts have no probative value." *Nichols v. Hurley*, 921 F.2d 1101, 1113 (10th Cir. 1990) (internal quotation marks and citation omitted). *See also Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1311 (10th Cir. 2010) ("[A] verified complaint may be treated as an affidavit for purposes of summary judgment if it satisfies the standards for affidavits set out in Rule 56(e).") (internal quotation marks and citation omitted). "[T]here may be cases where the sole reliance on a verified complaint would be insufficient to meet a nonmoving party's burden . . . , especially when the allegations contained in the pleading are merely conclusory." *Conaway v. Smith*, 853 F.2d 789, 792-93 (10th Cir. 1988).

III.   Analysis

Defendant Espinoza moves for summary judgment on the ground that Mr. Adams failed to exhaust his administrative remedies under the Prison Litigation Reform Act of 1996 ("PLRA"), 42 U.S.C. § 1997e(a). The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The "PLRA's exhaustion requirement applies to all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). *See also Booth v. Churner*, 532 U.S. 731, 731-32 (2001) (PLRA requires exhaustion in all matters regardless of remedy sought and availability of remedy at the agency level).

The PLRA's requirement that an inmate exhaust all available administrative remedies before initiating suit is mandatory. *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory."). *See also Jones v. Bock*,

549 U.S. at 210-212 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). "To exhaust administrative remedies an inmate must properly comply with grievance procedures; substantial compliance is insufficient." *Fields v. Oklahoma State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir. 2007). "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules, -- rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. at 218 (internal quotation marks and citation omitted). Thus, it is the prison's own grievance procedures that set forth what the prisoner must do in order to exhaust his or her administrative remedies. *Id.*, 549 U.S. at 218 (citation omitted). "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.*

After *Jones v. Bock*, a failure to exhaust administrative remedies constitutes an affirmative defense which must be pled and proved by defendants. *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007). Defendant Espinoza submits evidence that Mr. Adams failed to exhaust the requisite administrative remedies as to his claims. The Federal Bureau of Prisons ("BOP") has a four-step administrative process that provides for review at the institutional, regional and national levels "through which inmates may seek formal review of an issue which relates to any aspect of their confinement [with exceptions not pertinent to this case], if less formal procedures have not resolved the matter." 28 C.F.R. § 542.10 -542.18. (*See also* Doc. # 35-3 at ¶ 4). The court may take judicial notice of the BOP's administrative process. *See Ray v. Aztec Well Service Co.*, 748 F.2d 888, 889 (10th Cir. 1984) (court can take judicial notice of agency rules and regulations); *Antonelli v. Ralston*, 609 F.2d 340, 341, n. 1 (8th Cir. 1979) (judicial notice taken of Bureau of Prisons' Program Statement).

The BOP's administrative procedures provide that "an inmate shall first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an

inmate submits a Request for Administrative Remedy." 28 C.F.R. § 542.13(a).  (*See also* Doc. # 35-3 at 2 of 42, ¶ 4).  Following informal attempts to resolve a complaint, an inmate must submit to the Warden "a formal written Administrative Remedy Request, on the appropriate form (B-9), 20 calendar days following the date on which the basis for the Request occurred." 28 C.F.R. § 542.14(a).  (*See also* Doc. # 35-3 at ¶ 4).  If unsatisfied with the Warden's response, the inmate may file "an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." 28 C.F.R. § 542.15(a).  (*See also* Doc. # 35-3 at ¶ 4).  If unsatisfied with the Regional Director's response, the prisoner "may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response."  *Id.*  The appeal to the General Counsel at the Central Office constitutes the final administrative appeal.  *Id.*  An inmate may not raise issues in an appeal that were not raised in the lower level filing.  28 C.F.R. § 542.15(b)(2).  (*See also* Doc. # 35-3 at ¶ 4).  At any stage of the process, "[i]If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

The BOP regularly maintains records of administrative complaints filed by inmates under the Bureau Administrative Remedy Program in a database called SENTRY.  (*See* Doc. # 35-3 at ¶ 6).

> The BOP keeps a record of administrative complaints filed by inmates under the Bureau's Administrative Remedy Program in its SENTRY national database. If the complaint is an initial filing, it will be assigned a unique Remedy ID Number upon initial entry, which will follow the complaint throughout the appeal process. Each Remedy ID Number also contains an extender that identifies the level of review. The extension F-1 indicates the complaint was filed at the institution level. The extension R-1 indicates the complaint or appeal was filed at the regional level. The extension A-1 indicates the appeal was filed at the national level. . . .

(*See* Doc. # 35-3 at ¶ 6).

In the claims that remain in the SAC against Defendant Espinoza, Mr. Adams alleges

that: (1) since March 2012, when Defendant Espinoza started working in Plaintiff's housing unit, he served a food tray and ice to Plaintiff and Plaintiff experienced pain in his heart; (2) sometime between March and April 2012, Defendant Espinoza, while serving Plaintiff a food tray and ice, stated that he "serve plaintiff special"; (3) BOP officers, including Defendant Espinoza, disregarded Plaintiff's multiple requests to be seen by the medical staff that; (4) when the medical staff came to see Plaintiff on two occasions in April 2012, Defendant Espinoza did not allow the officers who worked in the medical department to accompany the medical staff but accompanied the medical staff himself; (5) in May 2012, Defendant Espinoza stated on Plaintiff's cell speaker phone that he would provide a knife to gang members to stab Plaintiff when he moved into another unit; and (6) on May 22, 2012, Defendant Espinoza served Plaintiff a lunch tray, and Plaintiff vomited after finishing his food. (*See* Doc. # 11 at 16-22 of 39; Doc. # 23 at 16 of 35;  Mr. Adams's first Response (Doc. # 50) at 2 of 9).

Mr. Adams argues that he "filed a[n] administrative remedy (BP-8) against defendant's acts of May 22, 2012." (*See* Doc. # 51 at 2 of 9; *see also* Doc. # 23 at 15 of 35;  Doc. # 11 at 21-22 of 39).  Mr. Adams argues that he did not receive a response to his BP-8. (*See* Doc. # 51 at 2-5 of 9;  Doc. # 53 at 3 of 18).  He asserts that he asked his correctional counselor about the lack of a response, filed an Informal Resolution Form regarding the lack of a response, and received an answer that "[y]our unit team has processed and returned all BP-8's submitted to date."  (*See* Doc. # 51 at 2 of 9; Doc. # 51 at 9 of 9).  Mr. Adams contends that this response "is false."  (*See* Doc. # 51 at 2-3 of 9).  Even if the court accepts Plaintiff's arguments as true, they do not suffice to show that he exhausted his administrative remedies or to defeat Defendant's Motion.

First, Mr. Adams alleges he filed a BP-8 regarding only one claim against Defendant Espinoza for his alleged actions on May 22, 2012.  Plaintiff does not assert that he filed any administrative remedies regarding any of his other allegations against Defendant Espinoza.

7

Second, the grievances submitted by Mr. Adams do not demonstrate that he exhausted his administrative remedies before initiating this lawsuit. The grievances attached to the SAC predate the actions of Defendant Espinoza alleged in the SAC and do not specifically identify conduct of Defendant Espinoza. (*See* Doc. # 11 at 28-31 of 39). Administrative grievances pre-dating the complained-of conduct cannot exhaust Mr. Adams's administrative remedies. *See Ross v. Bernalillo*, 365 F.3d 1181, 1188 (10th Cir. 2004) ("A grievance obviously cannot exhaust administrative remedies for claims based on events that have not yet occurred."), *overruled on other grounds by Jones*, 549 U.S. at 199. The administrative grievances Mr. Adams refers to in his Motion for Summary Judgment, Nos. 637219-F1, 666316-F1, and 668058-R1, address conduct by Defendant Fochee, not Defendant Espinoza, and predate the actions of Defendant Espinoza alleged in the SAC. (*See* Doc. # 23 at 9-10 of 35; Attachment 2 (Doc. # 35-3 at 39-40 of 42)). Administrative grievance Nos. 687262-A1, 691856-F1, and 690074-F2 predate the actions of Defendant Espinoza alleged in the SAC, address matters other than the actions of Defendant Espinoza alleged in the SAC, and were not exhausted. (*See* Doc. # 23 at 19 of 35; Doc. # 35-3 at 5, 37-38, 41-42 of 42).

Third, if Mr. Adams did not receive a response to his BP-8, he could consider the absence of a response to be a denial at that level and proceed to the next step. (*See* Doc. # 35-3 at ¶ 8; 28 C.F.R. § 542.18). Mr. Adams argues that "Defendant's showing of 28 CFR 542.18 is false." (*See* Doc. # 53 at 6 of 18). Mr. Adams's interpretation of § 542.18 is simply incorrect. "[A] failure by BOP officials to process administrative remedy requests or appeals would not prevent an inmate from exhausting administrative remedies because an inmate may proceed to the next step in the administrative remedy procedure if he does not receive a response within the time allowed." *Broches v. Lappin*, No. 10-cv-02075-BNB, 2010 WL 5252846, at * 3 (D. Colo.

Dec. 10, 2010) (citing 28 C.F.R. § 542.18).[1]  Even assuming Mr. Adams "did not receive a response to an administrative remedy request or appeal within the time allowed, that circumstance would not excuse his failure to complete the administrative remedy procedure." *Id.*  Mr. Adams does not contend that he took the next step in the mandatory administrative remedy program or any of the subsequent steps.

Mr. Adams also argues that the failure to respond to his BP-8 rendered his administrative remedies unavailable, citing *Jernigan v. Stuchell*, 304 F.3d 1030 (10th Cir. 2002), among other cases.  (*See* Doc. # 51 at 4-6 of 9).  *Jernigan* does not support Mr. Adams's argument that his administrative remedies were unavailable.  In *Jernigan*, the inmate had alternatives to pursue the administrative grievance process even if he did not receive a response warden within thirty days after he submitted his grievance.  304 F.3d at 1032-33.  Because the inmate filed a lawsuit rather than exhausting available alternative remedies, the Tenth Circuit rejected his argument that "he had exhausted his administrative remedies by, in essence, failing to employ them." *Jernigan*, 304 F.3d at 1033.

Mr. Adams also cites *Whitington v. Ortiz* in support of his argument. 472 F.3d 804, 806 (10th Cir. 2007).  However, unlike Mr. Adams, when the inmate in *Whitington* did not receive a response within the time set forth in the relevant regulations, he filed a Step 2 grievance and ultimately a Step 3 grievance, the final step in the administrative process in that case.  472 F.3d at 806-07.  The Tenth Circuit held that when the inmate did not receive a response to his Step 3 grievance within the time set forth in the regulations, he had exhausted his administrative remedies.  *Id.* at 807-08.

Mr. Adams could have considered the absence of a response to be a denial at that level and proceeded to the next step in the administrative remedy process.  "Although a prison

---

[1] Copies of unpublished cases cited are attached to this Recommendation.

official's failure to respond to a grievance can make the administrative exhaustion process unavailable, the [BOP] policies provide alternatives: as explained above, prisoners may continue to appeal within the prison system even if they do not receive responses to their . . . grievances." *Smith v. Beck*, No. 04-7102, 165 F. App'x 681, 685 (10th Cir. (Okla.) Feb. 8, 2006) (citing *Jernigan*, 304 F.3d at 1032). "Thus, prison officials' alleged failure to respond does not excuse Mr. Smith's failure to exhaust his administrative remedies." *Smith*, 165 F. App'x at 685. Mr. Adams did not exhaust his administrative remedies merely by filing a BP-8 regarding only Defendant Espinoza's alleged conduct on May 22, 2012.

"Compliance with prison grievance procedures . . . is all that is required by the PLRA to properly exhaust," *Jones*, 549 U.S. at 218, but compliance must be complete, that is, the inmate must abide by all of the "agency's deadlines and other critical procedural rules." *Woodford*, 548 U.S. at 90–91. "[T]he doctrine of substantial compliance does not apply" to exhaustion under the PLRA. *Thomas v. Parker*, 609 F.3d 1114, 1118 (10th Cir. 2010) (citing *Jernigan*, 304 F.3d at 1032 (rejecting assertion that inmate need not properly complete the grievance process or correct deficiencies in their grievances). Viewing the evidence in the record in a light most favorable to Mr. Adams and drawing all reasonable inferences in his favor, *Turner v. Public Service Co. of Colorado*, 563 F.3d 1136, 1142 (10th Cir. 2009), the court concludes that the record supports Defendant Espinoza's affirmative defense that Mr. Adams did not exhaust his available administrative remedies as required by the PLRA. As Mr. Adams has not established that he exhausted his administrative remedies at all required levels before filing this civil action, Defendant Espinoza is entitled to summary judgment on all of the claims remaining in the SAC.

IV.   Defendant Fochee

Mr. Adams commenced this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. (*See* August 7, 2012 "Order Granting Leave to Proceed Pursuant to 28 U.S.C. §1915 in Part and

Denying Leave to Proceed Pursuant to 28 U.S.C. §1915 in Part" (Doc. # 12)).  The Clerk of the Court initiated service of process on the Defendants.  (*See* Certificate of Service (Doc. # 16)).  The U.S. Marshal attempted to serve Defendant Fochee at ADX, where he was employed.  The Process Receipt and Return filed on October 26, 2012 indicates that Defendant Fochee is ""[n]o longer employed with B.O.P.  No forwarding address given. Unable to locate."  (*See* Doc. # 22).  Based upon the information before the court, Defendant Fochee cannot be served at the address that was provided to the court.

"[S]ervice of process [under Fed. R. Civ. P. 4] provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served."  *Hukill v. Oklahoma Native American Domestic Violence Coalition*, 542 F.3d 794, 797 (10th Cir. 2008) (internal quotation marks and citation omitted).  A court cannot obtain personal jurisdiction over a party without proper service of process.  *See Murphy Brothers, Inc v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.") (citation omitted);  *Oklahoma Radio Associates v. F.D.I.C.*, 969 F.2d 940, 943 (10th Cir. 1992) ("Rule 4 service of process provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served") (citations omitted);  *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700-01 (3d Cir. 1991) ("A court obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant.  Effective service of process is therefore a prerequisite to proceeding further in a case.").  Fed. R. Civ. P. 4(m) provides that the court shall dismiss an action without prejudice as to any defendant who has not been served within 120 days of the filing of the action:

> "[i]f a defendant is not served within 120 days after the complaint is filed, the
> court--on motion or on its own after notice to the plaintiff--must dismiss the action
> without prejudice against that defendant or order that service be made within a

specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Defendant Fochee has been named as a Defendant in this case since the filing of the Second Amended Prisoner Complaint on July 26, 2012. As of this date, 309 days have passed since the filing of the Second Amended Prisoner Complaint and Defendant Fochee has not been served in this action and has not filed a waiver of service or appeared in the case.

While an incarcerated *pro se* plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service of the summons and complaint, the U.S. Marshal and the Clerk of the Court have performed their duties to serve Defendant Fochee. The court need not require the U.S. Marshal to search for or make any further attempts to serve him. Sufficient time has been afforded and sufficient efforts have been made by the Clerk of the Court and the U.S. Marshal to serve this Defendant. Defendant Fochee may properly be dismissed without prejudice from this civil action for failure to effect service within the time limit of Fed. R. Civ. P. 4(m) and pursuant to D. C. COLO. LR 41.1 for failure to prosecute.[2]

Accordingly, IT IS RECOMMENDED that:

1.      Defendant Espinoza's Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 for Lack of Exhaustion of Administrative Remedies (filed January 28, 20130 (Doc. # 47) be GRANTED.

2.      In light of the court's Recommendation on Defendant Espinoza's Motion for Summary Judgment, Plaintiff's Motion for Summary Judgment (filed November 2, 2012) (Doc. # 23) be DENIED.

---

[2]      The court notes that Mr. Adams has also not exhausted his administrative remedies as to his claims against Defendant Fochee. (*See* Doc. # 11 at 14,16, 28-31 of 39; Doc. # 35-3 at 39-40 of 42 (Administrative Remedy Nos. 666316-F1, 668058-F1, 666316-R1).

3. Judgment on the Second Amended Complaint and this civil action be entered in favor of Defendant Espinoza and against Plaintiff.

4. Defendant Fochee be dismissed without prejudice from this civil action for failure to effect service within the time limit of Fed. R. Civ. P. 4(m) and pursuant to D. C. COLO. LR 41.1 for failure to prosecute.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United*

*States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado this 3rd day of June, 2013.

BY THE COURT:

s/ Craig B. Shaffer
United States Magistrate Judge