IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-01076-PAB-CBS

ERIC ADAMS,

    Plaintiff,

v.

OFFICER FOCHEE and
OFFICER A. ESPINOSA,

    Defendants.

## ORDER

This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 61] filed on June 3, 2013. The magistrate judge recommends that the Court deny plaintiff Eric Adams' motion for summary judgment [Docket No. 23] and grant Defendant Espinoza's[1] Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56 for Lack of Exhaustion of Administrative Remedies [Docket No. 47]. Docket No. 61 at 12, ¶ 1-2. The magistrate judge further recommends that the Court dismiss defendant Foshee[2] without prejudice for failure to effect service within the time limit specified in Fed. R. Civ. P. 4(m) and for failure to prosecute pursuant to D.C.Colo.LCivR 41.1. Docket No. 61 at 13, ¶ 4. Plaintiff filed a timely objection to the Recommendation [Docket No. 62]. Therefore, the

---

[1] The correct spelling is "Espinoza." *See* Docket No. 34 at 1 n.1

[2] According to plaintiff's November 6, 2012 letter [Docket No. 25], the correct spelling is "Foshee" and not "Fochee."

Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

The Recommendation presents the factual background of the case and the Court will not restate it here. See Docket No. 61 at 2-3. The magistrate judge recommends dismissing plaintiff's complaint with respect to Defendant Espinoza on the grounds that plaintiff failed to exhaust his administrative remedies because he has not filed a grievance concerning defendant Espinoza's conduct. Docket No. 61 at 8. The magistrate judge further found that plaintiff's allegation that he filed a first-level grievance ("BP-8") concerning defendant Espinoza's conduct to which he never received a response is insufficient to establish exhaustion. Docket No. 61 at 9-10.

Plaintiff objects to the Recommendation on the grounds that (1) he is challenging ongoing conduct and thus the timing of his grievances does not matter and (2) he exhausted his administrative remedies by filing a BP-8 grievance to which prison administrators did not respond. Docket No. 62 at 3-9. Plaintiff objects to the dismissal of defendant Foshee on the basis that plaintiff lacks the means to effect service and that the Court should take further steps to assist him. Docket No. 62 at 9-10.

I. **ADMINISTRATIVE EXHAUSTION**

Plaintiff argues that, because he is challenging ongoing conduct on the part of defendants, his administrative remedies were exhausted by grievances he filed before May 22, 2012, one of the dates on which he alleges prohibited conduct occurred. Docket No. 62 at 3-4. Furthermore, he argues that he has filed grievances since that date, which also satisfy the exhaustion requirement. Docket No. 62 at 4 (citing grievances 691856-F1 and 690074-F2, filed at the end of June 2012); Docket No. 35-3

at 42.

### A. Timing of Grievances

The grievances attached to plaintiff's second amended complaint [Docket No. 11] were filed in 2010, see Docket No. 11 at 28-30, and thus predate not only the alleged incidents of May 22, 2012, but also the earliest alleged contact that plaintiff had with Officer Espinoza. See Docket No. 11 at 16-17 ("Since Officer A. Espinosa, started working (March 2012) in the unit, (F-Unit) where plaintiff is housed, he (Espinosa) serve [sic] both the food tray, and the ice, at lunchtime, by himself: while the second officer, only opens the food slot on the door."). Moreover, the grievances that plaintiff filed subsequent to March 2012, after Officer Espinoza began delivering his food, are not relevant to his claims in this case. See Docket No. 35-3 at 42 (indicating that all complaints subsequent to May 22, 2012 concern visual searches of plaintiff's cell). Accordingly, the undisputed facts establish that plaintiff has not filed any grievances concerning Officer Espinoza's conduct and thus has failed to exhaust his administrative remedies with respect to these claims. See Ross v. Cnty. of Bernalillo, 365 F.3d 1181, 1188 (10th Cir. 2004) (a grievance does not "exhaust administrative remedies for all future complaints of the same general type"), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007); see also 28 C.F.R. § 542.14 ("The deadline for completion of informal resolution and submission of a formal written Administrative Remedy Request . . . is 20 calendar days following the date on which the basis for the Request occurred.").

### B. Failure to Appeal

Plaintiff argues that he exhausted his remedies because he never received a response to a BP-8 grievance he allegedly filed concerning the events of May 22, 2012. Docket No. 62 at 4-9; *see* Docket No. 51 at 2-3, 9 (June 1, 2012 grievance challenging failure to respond to BP-8s filed against Officers Foshee and Espinoza for allegedly tampering with plaintiff's food).

Plaintiff's argument is based in part on the language of the regulatory provisions governing the grievance process for prisoners in federal custody. Specifically, plaintiff relies on the difference in wording between 28 C.F.R. § 542.15 ("An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director") and 28 C.F.R. § 542.18 ("If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level."). Plaintiff contends that the absence of the phrase "may submit an Appeal" from 28 C.F.R. § 542.18 indicates that, even if the lack of a response is considered a denial, it is not subject to appeal and, thus, that the lack of a response at any level of the grievance process constitutes exhaustion. Docket No. 62 at 6-7.

Plaintiff's reading of these regulations is unpersuasive. Rather, if the absence of a response constitutes a denial of a grievance, it follows that an inmate dissatisfied with that non-response–which functions as an implicit denial–may appeal the denial to the next level. *See* 28 C.F.R. § 542.15. This reading of the regulations to require that a plaintiff appeal to the next level is consistent not only with applicable case law, *see*

*Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) ("An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies."), but also with the underlying purpose of the PLRA insofar as it seeks to facilitate the administrative resolution of prisoner complaints.  *See Porter v. Nussle*, 534 U.S. 516, 524-25 (2002) ("Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.").  A finding of exhaustion based on a failure to respond at the first level–without requiring plaintiffs to pursue further administrative review as provided for in federal regulations–would run counter to the PLRA's purpose.

The cases plaintiff cites are not to the contrary, as they concern instances in which inmates appealed their grievances to the highest level and filed complaints in federal court only upon the denial of their terminal appeals.  *See Whitington v. Ortiz*, 472 F.3d 804, 808 (10th Cir. 2007) ("Because the CDOC did not timely respond to Mr. Whitington's Step 3 grievance, Mr. Whitington effectively exhausted his administrative remedies."); Colorado Department of Corrections Administrative Regulation 850-04, Grievance Procedure at 4, § IV.D.2.f ("This grievance procedure **may not** be used to seek review of . . . [d]ecisions of the Step III grievance officer.") (emphasis in original); *Jernigan*, 304 F.3d at 1032-33 (10th Cir. 2002) (holding that inmate who received no response to initial grievance did not exhaust administrative remedies when he filed federal suit instead of attempting to cure within ten-day period accorded by Oklahoma

Department of Corrections Director or seeking administrative review of officers' failure to respond). *Lewis v. Washington*, 300 F.3d 829 (7th Cir. 2002), is inapposite, as it concerns a prisoner in the custody of the Illinois Department of Corrections ("IDOC") and there is no indication that IDOC's grievance procedure is akin to that of the Federal Bureau of Prisons. *See Jones v. Bock*, 549 U.S. at 218 ("[T]o properly exhaust administrative remedies[,] prisoners must complete the administrative review process in accordance with the applicable procedural rules–rules that are defined not by the PLRA, but by the prison grievance process itself.").

Thus, the failure to appeal a grievance to which no response has been received precludes administrative exhaustion.

## II. FAILURE TO SERVE DEFENDANT FOSHEE

Plaintiff argues that he has no means to locate Officer Foshee. Instead, he requests "that the court[] cause the U.S. Marshal Service to locate defendant Foshee." Docket No. 62 at 10.

"While an incarcerated *pro se* plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service of the summons and complaint, . . . . [n]either the U.S. Marshal nor the Clerk of the Court are required to search for" a defendant who "cannot be served . . . at the addresses on record with the court." *Barksdale v. Connaghan*, No. 10-cv-02491-CMA-CBS, 2012 WL 6770883, at *10 (D. Colo. Dec. 10, 2012) (citing *Kiley v. Kurtz*, 533 F. Supp. 465, 467 (D. Colo. 1982)) (*adopted by Barksdale v. Connaghan*, No. 10-cv-02491-CMA-CBS, 2013 WL 61270 (D. Colo. Jan 4, 2013)). Accordingly, the Court and the U.S. Marshal have fulfilled their obligations with

respect to serving defendant Foshee. Given that over 300 days have passed since the second amended complaint was filed, the claims against Defendant Foshee are subject to dismissal without prejudice pursuant to Fed. R. Civ. P. 4(m).

## III. CONCLUSIONS

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 61] is ACCEPTED. It is further

**ORDERED** that Defendant Espinoza's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56 for Lack of Exhaustion of Administrative Remedies [Docket No. 47] is GRANTED. All claims against defendant Espinoza are dismissed. It is further

**ORDERED** that Plaintiff [sic] Motion for Summary Judgment [Docket No. 23] is DENIED. It is further

**ORDERED** that all claims against Defendant Foshee are dismissed without prejudice. It is further

**ORDERED** that this case is DISMISSED.

DATED June 18, 2013.

                              BY THE COURT:

                              s/Philip A. Brimmer
                              PHILIP A. BRIMMER
                              United States District Judge