IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-01076-PAB-CBS

ERIC ADAMS,

      Plaintiff,

v.

OFFICER FOCHEE and
OFFICER A. ESPINOSA,

      Defendants.

---

**ORDER**

---

This matter is before the Court on Petitioners Motion Pursuant to Fed. R. Civ. P. Rule 60(b)(6) [Docket No. 76] filed by plaintiff Eric Adams.  The Court's jurisdiction is based on 28 U.S.C. § 1331.

## I.  BACKGROUND

Mr. Adams, who is currently incarcerated in the United States Penitentiary, Administrative Maximum ("ADX") in Florence, Colorado, brought this case on April 23, 2012, alleging that defendant prison officers tampered with his food in retaliation for Mr. Adams having filed complaints about them and with the intention of causing him physical harm or death.  Docket No. 1 at 4.  Mr. Adams moved the Court for leave to proceed in forma pauperis ("IFP") under 28 U.S.C. § 1915.  Docket No. 2.

On at least three occasion prior to filing this case, Mr. Adams had brought an action that was dismissed on the grounds that it was frivolous or failed to state a claim

upon which relief may be granted.  *Adams v. Wiley, et al.*, No. 09-cv-00612-MSK-KMT (D. Colo. Feb. 10, 2010) (dismissed pursuant to Fed. R. Civ. 12(b)(6) as untimely), *aff'd*, 398 F. App'x 372 (10th Cir. Oct. 13, 2010) (affirmed district court's dismissal on the basis that allegations failed to state a claim); *Adams v. Trant*, No. 09-cv-00779-UNA (D. D.C. Apr. 29, 2009) (dismissed pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim), *aff'd*, No. 09-5180 (D.C. Cir. Sept. 8, 2009); *Adams v. Negron, et al.*, No. 02-cv-00631-EWN-MJW (D. Colo. Mar. 11, 2003) (dismissed for failure to state a constitutional violation), *aff'd*, No. 03-1110 (10th Cir. Feb. 25, 2004), *cert. denied*, No. 03-1110 (May 3, 2004).

On August 7, 2012, after twice ordering him to amend his complaint to meet the requirements of § 1915(g), *see* Docket Nos. 6-8 and 11, Magistrate Judge Boyd N. Boland granted Mr. Adams leave to proceed IFP with respect to his claims against Officers Foshee and Espinoza.[1]  Docket No. 12 at 3.  On June 18, 2013, the Court granted summary judgment to the officers on Mr. Adams' claims, finding that Mr. Adams had failed to exhaust his administrative remedies against Officer Espinoza and had failed to effect service on Officer Foshee.  Docket No. 63.

On June 27, 2013, Mr. Adams filed a Notice of Appeal.  Docket No. 65.  At the time he filed his appeal, he had neither paid the filing fee nor filed a motion with the Court for leave to proceed IFP on appeal.  Docket No. 66.  The day he filed his appeal, the Tenth Circuit Clerk of Court sent him a letter instructing him, in part, to pay the filing fee or file a motion with the district court to proceed without prepayment of fees.  Case

---

[1]These are the correct spellings of defendants' names.  *See* Docket No. 34 at 1 n.1 and Docket No. 25.

No. 13-1271, Docket No. 01019102776 at 7-8 (10th Cir. Aug. 1, 2013).

On July 1, 2013, the Tenth Circuit Clerk of Court[2] ordered Mr. Adams to show cause why his appeal should not be dismissed under § 1915(g).  Docket No. 68.  On July 18, 2013, Mr. Adams filed a response to the Tenth Circuit's order to show cause in which he cited Judge Boland's August 7, 2012 Order granting him to leave to proceed IFP before this Court.  No. 13-1271, Docket No. 01019093983 at 2-3 (10th Cir. July 18, 2013).  He further stated that he was in imminent danger of serious physical harm because appellees had retaliated against him by placing things in his food, like glass, that caused him to vomit blood.  *Id*. at 3-4.

On July 22, 2013, the Tenth Circuit issued an order that Mr. Adams had "failed to show cause why he should not be required to pay the full filing fee before proceeding in this matter" and ordered him to pay the full filing fee within twenty-one days.  Case No. 13-1271, Docket No. 01019095663 (10th Cir. July 22, 2013).  On August 1 and 7, 2013, Mr. Adams submitted letters[3] to the Tenth Circuit Clerk of Court (which were received but not filed), asserting that the July 22, 2013 Order to pay the filing fee was void because it was signed by Jurisdictional Attorney Ellen Rich Reiter.  Case No. 13-1271, Docket Nos. 01019102775 and 01019105595 (10th Cir. Aug. 1 and 7, 2013).

On August 1, 2013, Mr. Adams filed a motion before this Court for leave to

---

[2]The signature block on the order states: "Entered for the Court, ELISABETH A. SHUMAKER, Clerk, by: Ellen Rich Reiter, Jurisdictional Attorney."  Docket No. 68 at 2. Ms. Reiter signed the order. *Id*.  Although Mr. Adams contends that Ms. Reiter was acting beyond her authority, *see, e.g.*, Docket No. 76 at 5, Ms. Reiter signed the order on behalf and under the authority of the Tenth Circuit Clerk of Court.

[3]The letters are dated July 25 and 27, 2013.

proceed on appeal under 28 U.S.C. § 1915.  Docket No. 72.  The motion states that the basis for the appeal is that the Court's "order is erroneous and runs aberrant to appellants claims."  *Id*. at 1, ¶ 2.  The motion does not contain any other information about the nature of Mr. Adams' appeal.  *See id*.  On August 5, 2013, Mr. Adams filed a motion requesting that the Court "aid in the commencement" of his appeal, in which he argued that the order to pay the filing fee was void because the district court had already held that he could proceed IFP and Ms. Reiter did not have the authority to alter that finding.  Docket No. 73 at 2-3.  In addition to filing the motion with this Court, Mr. Adams sent a copy to the Tenth Circuit, which received the motion but did not file it. *See* Case No. 13-1271, Docket No. 01019105787 (10th Cir. Aug. 7, 2013).

Mr. Adams did not pay the filing fee.  On August 14, 2013, the Tenth Circuit Clerk of Court issued an order dismissing Mr. Adams' appeal for lack of prosecution. Case No. 13-1271, Docket No. 01019109359 (10th Cir. Aug. 14, 2013).

On September 4, 2013, Mr. Adams filed the instant motion pursuant to Federal Rule of Civil Procedure 60(b)(6), arguing that the District Court Clerk erred by not filing Mr. Adams' August 7, 2013 motion with the Court of Appeals or otherwise notifying the Court of Appeals that it need not address § 1915.  Docket No. 76 at 4-6.  Mr. Adams argues that the actions of the District Court Clerk caused his appeal to be dismissed even though he had previously been granted leave by Judge Boland to proceed IFP. Docket No. 76 at 4-6.

On October 9, 2013, the Court denied as moot Mr. Adams' request for leave to proceed IFP on appeal and his request that the Court aid in his appeal.  Docket No. 78.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 60(b)(6) provides that, on "motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for any "reason that justifies relief."  Because such relief is "extraordinary and may only be granted in exceptional circumstances," *The Servants of the Paraclete v. John Does*, 204 F.3d 1005, 1009 (10th Cir. 2000), parties seeking relief under Rule 60(b) have a high hurdle to overcome; a Rule 60(b) motion should not be treated as a substitute for an appeal.  *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005).  Rule 60(b)(6) has been described as a "grand reservoir of equitable power to do justice in a particular case."  *Pierce v. Cook & Co., Inc.*, 518 F.2d 720, 722 (10th Cir. 1975) (en banc) (citation omitted).  Relief under Rule 60(b)(6) is appropriate when circumstances are so "unusual or compelling" that extraordinary relief is warranted or when it "offends justice" to deny such relief.  *Cashner v. Freedom Stores*, Inc., 98 F.3d 572, 580 (10th Cir. 1996).  Courts have granted relief under Rule 60(b)(6) "when, after entry of judgment, events not contemplated by the moving party render enforcement of the judgment inequitable," where a party is indigent, or when it offends justice to deny such relief.  *Id.* at 579; *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231-32 (10th Cir. 1999).

## III.  ANALYSIS

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor."  28 U.S.C. § 1915(a)(1).  However,

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior

occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  To prevail on a motion to proceed IFP despite the applicability of

§ 1915(g), a plaintiff or appellant must provide "specific fact allegations of ongoing

serious physical injury, or of a pattern of misconduct evidencing the likelihood of

imminent serious physical injury."  *Fuller v. Wilcox*, 288 F. App'x 509, 511 (10th Cir.

2008) (unpublished) (citing *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)

(internal quotation marks omitted)).  Vague or conclusory allegations of harm are

insufficient.  *White v. Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998).

The Federal Rules of Appellate Procedure provide that a party who wishes to

proceed IFP on appeal must file a motion in the district court that shows the party's

inability to pay, "claims an entitlement to redress," and "states the issues that the party

intends to present on appeal."  Fed. R. App. P. 24(a)(1).  "A party who was permitted to

proceed [IFP] in the district-court action, . . . may proceed on appeal in forma pauperis

without further authorization, unless . . . a statute provides otherwise."  *Id*. at 24(a)(3).

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a)(2), which requires

prisoners to file a motion for leave to proceed IFP "at each step where prepayment of a

filing fee is required," is such a statute.  *Boling-Bey v. U.S. Parole Comm'n*, 559 F.3d

1149, 1152 (10th Cir. 2009).

If the district court denies a motion to proceed IFP on appeal, a party may file a

motion for leave in the court of appeals within thirty days after the district court clerk

serves a notice of its denial on the parties.  Fed. R. App. P. 24(a)(4)-(5).  "Should [a]

6

district court fail to promptly decide the motion, [a court of appeals] may be forced to deem it denied in order to avoid unwarranted delay." *Boling-Bey*, 559 F.3d at 1155 n.8; *Freeman v. Davis*, No. 09-cv-02493-DME-MJW, 2010 WL 5088333, at *1 (D. Colo. Dec. 7, 2010) ("The Court notes that Freeman currently has an independent motion to proceed IFP on appeal pending in the Tenth Circuit.  Consequently, Freeman should be aware that the Tenth Circuit may decide to rule on that pending motion and deem Freeman's new motion in this Court denied in order to move the appeals process forward.").  Likewise, if a party files an appeal without first filing a motion with the district court to proceed IFP, the court of appeals may, "in the interest of the expeditious processing of appeals," choose to rule on the merits of a party's motion to proceed IFP filed in the first instance with the court of appeals.  *Hutchinson v. Milyard*, 423 F. App'x 806, 808 n.4 (10th Cir. 2011); *Gutierrez v. Torres*, 416 F. App'x 764, 766 n.7 (10th Cir. 2011).

"The 'law of the case' doctrine requires every court to follow the decisions of courts that are higher in the judicial hierarchy."  *Guidry v. Sheet Metal Workers Int'l Ass'n Local No. 9*, 10 F.3d 700, 705 (10th Cir. 1993).

To the extent Mr. Adams asks the Court to review the decision of the Court of Appeals dismissing his case, the Court lacks jurisdiction to do so.  *See Guidry*, 10 F.3d at 705.  Such a request must be directed to the United States Supreme Court.  28 U.S.C. § 1254.

In addition to challenging the Tenth Circuit's dismissal, Mr. Adams appears to challenge the fact that this Court did not rule on either (1) his motion to proceed IFP on

appeal, Docket No. 72, or (2) his motion to act in aid of the appeal, Docket No. 73, until after the Tenth Circuit dismissed his appeal.  *See* Docket No. 76 at 4 ("Petitioner filed a motion in the district court, requesting that the court[] show the appeals court clerk, that petitioner has been granted leave to proceed, pursuant to 28 U.S.C. § 1915(g).  The clerk did not file, petitioner's motion.") (citation omitted); *id*. at 5-6 ("Petitioner seeked, [sic] that the district court Judge (Philip A. Brimmer) notified the appeals court clerk, or Chief Justice Briscoe (appeals court) that the matter of section 28 U.S.C. 1915(g), has already been satisfied, before the district court.").

The lack of a ruling is not a final judgment within the meaning of Rule 60.  *See* Fed. R. Civ. P. 54(a) ("'Judgment' as used in these rules includes a decree and any order from which an appeal lies.").  Assuming, however, that Mr. Adams' Rule 60(b)(6) motion is properly directed towards a final judgment of the Court, it does not identify any reversible error.  Because Mr. Adams is incarcerated, he was required to file a separate motion for leave to proceed IFP on appeal, regardless of the fact that he had previously been granted leave to proceed without paying filing fees before this Court.  *See* Fed. R. App. P. 24(a)(3)(B); 28 U.S.C. § 1915(a)(2) ("A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement[.]"); *Boling-Bey*, 559 F.3d at 1152 ("The import of the emphasized disjunctive phrasing [in 28 U.S.C. § 1915(a)(2)] is obvious: There must be independent determinations of indigence at each step where prepayment of a filing fee is required–when the prisoner files a complaint and again when the prisoner files a notice of appeal.").  Mr. Adams is incorrect insofar as he

8

contends that this Court was under an obligation to direct the Tenth Circuit to follow Judge Boland's August 7, 2012 Order.  Mr. Adams filed his appeal over one month before filing a motion with this Court for leave to proceed IFP.  *Compare* Docket No. 65 *with* Docket No. 72.  Absent a motion properly filed in this Court, the Tenth Circuit had jurisdiction to consider the merits of his response to the order to show cause.  *See Hutchinson*, 423 F. App'x at 808 n.4; *Gutierrez v. Torres*, 416 F. App'x at 766 n.7. Moreover, once he did file a motion with this Court, the Tenth Circuit was at liberty to "deem it denied in order to avoid unwarranted delay."  *See Boling-Bey*, 559 F.3d at 1155 n.8; *Freeman*, 2010 WL 5088333, at *1.

Finally, Mr. Adams' motion for leave to proceed IFP on appeal states only that he believes the Court's final judgment was incorrect.  Docket No. 72.  It does not allege ongoing physical injury or misconduct that may likely cause serious physical injury.  *See id*.  Accordingly, in all likelihood, the Court would have denied the motion had it ruled on it before the Tenth Circuit dismissed the case.  *See Fuller*, 288 F. App'x at 511. Wherefore, it is

**ORDERED** that Petitioners Motion Pursuant to Fed. R. Civ. P. Rule 60(b)(6) [Docket No. 76] filed by plaintiff Eric Adams is DENIED.


DATED May 16, 2014.

BY THE COURT:


 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge